# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

AMY WALKER HALE,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

        Defendant.

CASE NO. 2:17-cv-0567 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 5). This matter has been fully briefed. *See* Dkt. 9, 10, 11.

After considering and reviewing the record, the Court concludes that the ALJ erred when failing to credit fully the medical opinion from plaintiff's long-term treating

physician. For example, although the ALJ relied on the primary care physician's lack of specialty, this is not a valid basis for failing to credit fully a medical opinion, especially from a treating physician. Similarly, although the ALJ relied on the fact that the physician's opinion was issued a few years before the ALJ's written decision, the opinion nevertheless was offered during the relevant period of time, after plaintiff's alleged date of disability onset. Therefore, this rationale, too, does not provide a valid basis for failing to credit fully the medical opinion of plaintiff's treating physician, Dr. Vandermeer.

Therefore, for the reason stated and based on the record as a whole, the Court concludes that this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

## BACKGROUND

Plaintiff, AMY WALKER HALE, was born in 1972 and was 39 years old on the alleged date of disability onset of July 20, 2012. *See* AR. 354-55. Plaintiff graduated from high school (AR. 31) and completed a 2-year degree in college with accommodation (AR. 104-10). Plaintiff has experience doing general office work, janitorial work and packaging parts. AR. 54-55. Plaintiff left her employment when she was physically unable to do the job. AR. 56.

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease; headaches; [and] Raynaud's syndrome (20 CFR 404.1520(c))." AR. 25.

At the time of the hearing, plaintiff was living with her husband in their home. AR. 56.

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) was denied initially and following reconsideration. *See* AR. 143, 156. Plaintiff's requested hearing was held before Administrative Law Judge Laura Valente ("the ALJ") on May 23, 2013. *See* AR. 41-93. On September 26, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 169-89. The Appeals Council remanded the case to the ALJ on May 4, 2015. *See* AR. 190-94. Plaintiff's second hearing before the ALJ was held on May 10, 2016 (AR. 94-142) and on August 10, 2016, the ALJ issued a decision in which she again concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 19-40.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ provided legally sufficient reasons for rejecting three medical source opinions; (2) whether the ALJ provided clear and convincing reasons for rejecting plaintiff's testimony; and (3) whether remand for a finding of disability is the proper remedy in this case. *See* Dkt. 9, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Did the ALJ provide legally sufficient reasons for rejecting three medical source opinions?**

Plaintiff contends that the ALJ erred when evaluating the medical opinion evidence provided by three doctors, including the one provided by plaintiff's long term treating physician. *See* Dkt. 9, pp. 16-18. Defendant contends there is no error.

When an opinion from an examining or treating doctor is contradicted by other medical opinions, the treating or examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2).

Dr. James Vandermeer, M.D., provided an opinion in a letter on May 8, 2013, indicating that he had been plaintiff's primary care physician for almost 7 years. AR. 846. In this letter, Dr. Vandermeer detailed plaintiff's treatment history and functional limitations. *See* AR. 846-48. Among other opinions, he opined that plaintiff was completely disabled from all work because, in part, she could not walk 100 yards in less than five minutes, stand for more than 30 to 45 minutes without lying down, or sit comfortably for more than five minutes without changing positions. AR. 848-49. He indicates that these particular limitations are primarily associated with her spinal stenosis, and the resultant severe back and right hip pain. AR. 848.

The ALJ gave only "partial weight" to Dr. Vandermeer's opinion. AR. 29. In part, the ALJ relied on "the same reasons as stated directly above" in the written decision regarding the opinions of Drs. Staley and Fuentes. *See id*. Regarding these "same reasons," the Court notes the ALJ's recognition of the fact that Dr. Vandermeer's 2013 opinion was offered "years prior" to the ALJ's decision dated August 15, 2016. *See id*. However, the ALJ does not explain the relevance of this timing, as the opinion from Dr. Vandermeer is well within the relevant period of time - plaintiff's alleged date of disability onset is July 20, 2012. AR. 22. Therefore, the Court concludes that this is not a legitimate reason for failing to credit fully the opinion from plaintiff's long-term treating physician.

The other reason that was offered earlier in the ALJ's written decision is the finding that plaintiff's "symptoms have waxed and waned." AR. 29. However, the relevance of this rationale, too, is not explained by the ALJ. An ALJ's finding regarding what a claimant can do must represent what she can do regarding "*sustained* performance of the physical-mental requirements of jobs." *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998)) (quoting 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c)) (emphasis added by the Ninth Circuit); *see also* SSR 96-8p, 1996 SSR LEXIS 5 at *5. A finding by the ALJ regarding what a claimant can do when symptoms are waning (but not when they are waxing), would not meet this standard. *Id*. The ALJ has not adequately explained why waxing and waning of symptoms is a legitimate reason for failing to credit fully the treating physician's opinions.

The ALJ also relied on a finding that Dr. Vandermeer's letter "discussed the claimant's medical condition years before the alleged onset date, which is not entirely relevant to this decision." AR. 29 (citing AR. 846). Although it is true that Dr. Vandermeer provided a detailed and thorough discussion of plaintiff's medical history, including the time prior to the alleged disability onset date, the ALJ does not explain why this discussion renders his opinions regarding her contemporaneous functioning invalid. As noted previously, Dr. Vandermeer indicated that the ambulatory and postural limitations are based primarily on plaintiff's severe back and right hip pain resulting from her spinal stenosis. *See* AR. 848. The discussion of plaintiff's medical history does not negate or invalidate these opinions.

The ALJ also relied on a finding that evidence discussed in the ALJ's written opinion from the period of time subsequent to Dr. Vandermeer's opinion "demonstrates that the claimant is not as limited as he opined, including headaches as discussed above in finding 3." AR. 29 (citations omitted). However, as Dr. Vandermeer's postural and ambulatory opinions discussed herein do not appear to be dependent on plaintiff's headaches, even if the Court was to find appropriate the ALJ's finding regarding improvement in plaintiff's headaches, this finding appears to bear little relevance to Dr. Vandermeer's opinion. When discussing the medical evidence added to the file since the prior ALJ decision was issued, the ALJ notes updated imaging and electromyogram studies, as well as various objective examination results. *See* AR. 27-28. However, nothing in this discussion of the updated evidence demonstrates that plaintiff does not suffer from the ambulatory and postural limitations opined by Dr. Vandermeer. *See id.*

Because the ALJ has not explained how the "updated evidence" demonstrates the invalidity of Dr. Vandermeer's opinion, the Court concludes that this rationale, too, is not a legitimate reason based on substantial evidence for failing to credit fully Dr. Vandermeer's opinion.

The ALJ also incorporated a previous analysis of Dr. Vandermeer's opinion presented in an earlier ALJ decision, which was vacated by the Appeals Council. *See* AR. 22, 29; *see also* AR. 169-89. In this earlier decision, the ALJ had failed to credit fully Dr. Vandermeer's opinion with a finding that it "is not consistent with the longitudinal record." AR. 180. However, this is not a specific reason, and is far too general to support the failure to credit fully an opinion from a treating physician. *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim"); *Lester*, 81 F.3d at 830-31.

Also in this earlier decision, the ALJ had relied on the fact that Dr. Vandermeer is plaintiff's primary care physician, and not a specialist in rheumatology. AR. 180. However, although a physician's specialty is a relevant factor when evaluating a medical opinion, as noted by plaintiff, the relevant federal regulation "states that specialists' opinions may be entitled to additional weight, [but] does not provide a legitimate basis for rejecting a medical source opinion because it was rendered by a generalist." Dkt. 11, p. 5 (citing 20 C.F.R. § 404. 1527(c)) ("Specialization. We generally give more weight to the medical opinion of a specialist about medical issues related to his or her area of

specialty than to the medical opinion of a source who is not a specialist"). The ALJ did not cite a medical opinion from a specialist which contradicted the noted opinions from Dr. Vandermeer. Therefore, Dr. Vandermeer's lack of specialty in of itself is not a legitimate reason for failing to credit fully his opinion.

The ALJ also relies on a finding that Dr. Vandermeer's "treatment records fail to document specific objective findings that would support such restrictive limitations." AR. 180. However, the ALJ found that plaintiff has the severe impairment of degenerative disc disease, which is substantiated by plaintiff's updated MRI, as noted by the ALJ. AR. 25, 27. This is objective evidence supporting Dr. Vandermeer's opinion. It is unclear what "specific objective findings" the ALJ expects to find that would substantiate Dr. Vandermeer's opinion or would substantiate the level of pain experienced by plaintiff.

Defendant offers additional rationale not offered by the ALJ. *See* Dkt. 10, p. 7. However, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (citing *Chenery Corp, supra*, 332 U.S. at 196). Furthermore, Dr. Vandermeer specifically indicated that the postural and ambulatory limitations were based primarily on plaintiff's pain, not her motor strength. Therefore,

defendants' notation that plaintiff demonstrated full strength in her arms during examinations does not demonstrate a flaw in Dr. Vandermeer's opinion.

For the reasons stated above, the Court concludes that the ALJ erred by failing to credit fully the medical opinion of plaintiff's long-term primary care physician, Dr. Vandermeer. The Court also concludes that this error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

As noted, Dr. Vandermeer opined that plaintiff was completely disabled from all work because, in part, she could not walk 100 yards in less than five minutes, stand for more than 30 to 45 minutes without lying down, or sit comfortably for more than five

minutes without changing positions. AR. 848-49. As fully crediting these opinions likely would alter the ultimate disability determination, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *See Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56).

Therefore, the ALJ's error is not harmless and this matter is reversed and remanded for further administrative proceedings.

Regarding challenges to the ALJ's evaluation of other medical opinions, the Court notes that some of the rationale provided by the ALJ for the failure to credit fully the opinions of Drs. Staley and Fuentes does not support the failure to credit fully these medical opinions, as already discussed in the context of the ALJ's evaluation of Dr. Vandermeer's opinion, *see supra*. The Court concludes that the ALJ should evaluate anew all of the medical evidence in the record following remand of this matter.

### (2) **Did the ALJ provide clear and convincing reasons for rejecting plaintiff's testimony?**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter.

(3) **Is remand for a finding of disability the proper remedy in this case?**

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

At the first step, the court should determine if "the ALJ has failed to provide legally sufficient reasons for rejecting [the particular] evidence." *Smolen, supra*, 80 F.3d at 1292 (citations omitted). Next, as stated recently by the Ninth Circuit:

> Second, we turn to the question whether [or not] further administrative proceedings would be useful. In evaluating this issue, we consider [if] the record as a whole is free from conflicts, ambiguities, or gaps, [if] all factual issues have been resolved, and [if] the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted).

Here, the record as a whole is not free from conflicts and ambiguities, including symptoms that wax and wane, and allegations potentially inconsistent with aspects of the record. *Id.*; *see also, e.g.,* AR. 28 (the ALJ's finding that Dr. Jimenez's comment that plaintiff's pain was sufficiently managed with medication to allow plaintiff "to remain functional at home" conflicts with plaintiff's testimony "that she spends most of her time at home in bed watching television"). Furthermore, the Court concludes based on the

record as a whole that plaintiff's alleged fibromyalgia and Sjogren's syndrome require further evaluation following remand of this matter. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (citations omitted) (reversal with a direction to award benefits is inappropriate if further administrative proceedings would serve a useful purpose). Hence, further administrative proceedings would serve a useful purpose.

Therefore, although plaintiff is correct that this case regrettably has been pending for a long time, entailing two hearings, two decisions, and 1400 pages of records, for these stated reasons, this matter is reversed and remanded for further administrative proceedings.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 17th day of November, 2017.

J. Richard Creatura
United States Magistrate Judge